**UNITED STATES of America,**

v.

**Troy SHABAZZ, a/k/a "Troy Robinson," Appellant.**

**No. 01–4515.**

United States Court of Appeals, Third Circuit.

Submitted July 15, 2002.

Decided July 26, 2002.

---

Before SCIRICA, ALITO, and FUENTES, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

On July 16, 2001, Troy Robinson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Robinson was placed in a sentencing range of 46 to 57 months' imprisonment under the Sentencing Guidelines.[1] Robinson moved for a downward departure based on a family hardship pursuant to U.S.S.G. § 5H1.6 (Family Ties and Responsibilities, and Community Ties).[2] The District Court denied Robinson's motion and sentenced him to 51 months in prison, a $1,000 fine and a $100 special assessment. We will dismiss the appeal for lack of jurisdiction.

## I.

On appeal, Robinson contends that the District Court did not consider his family hardship when imposing sentence. He suggests we exercise plenary review.

We disagree. If a district court imposes a sentence in violation of law, or misapplies the Sentencing Guidelines, we exercise plenary review. *See United States v. Spiropoulos*, 976 F.2d 155, 160 n. 2 (3d Cir. 1992). But if a district court acknowledges its authority to depart and decides not to do so, we lack appellate jurisdiction. *See United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir.1996); *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989). In this case, the District Court expressly acknowledged it had the power to depart from the Guidelines, but determined Robinson's family hardship did not warrant departure.[3] Thus, we lack jurisdiction over this matter under 18 U.S.C. § 3742.[4] *Denardi*, 892 F.2d at 271–72.

## II.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

---

1. Robinson had an offense level of 17 and a criminal history category of 5.

2. The sentencing hearing record indicates that when Robinson was not imprisoned he cared for his paralyzed disabled mother. Robinson ran errands, administered medicine, and helped with other daily tasks. The record also indicates Robinson spent the majority of the past eighteen years in prison:

   [S]ince September 1988 until September 2000, according to the state records, there was a period of about 18 months, from June of '91 to December of '92, that Mr. Robinson was out on parole, and another period of about 10 months between July of '94 and March of '95, when he was also out on parole. Other than that, it appears that the remainder of that time he was in state custody.

3. The District Judge stated:

   I recognize that I have the power to depart, and will exercise my discretion not to do so.

The circumstances of this case, one, although certainly very serious, do not rise to the extraordinary level that is recognized by the guidelines. It's clear that, over the last 20 years, the defendant has been absent from the home a good many times while he has been serving the sentence. And regrettably, Mrs. Robinson has had to get by without his help and assistance, and that continues to be the case right now.

4. Even if we reached the merits, we would not find an abuse of discretion. We gave repeatedly stated that a downward departure because of family ties and responsibilities is limited to extraordinary situations. *See e.g., United States v. Sweeting*, 213 F.3d 95, 100 (3d Cir.2000); *United States v. Gaskill*, 991 F.2d 82, 85 (3d Cir.1993). This case presents no extraordinary circumstance distinguishing it from the "heartland" of cases covered by the Sentencing Guidelines. *See generally Koon v. United States*, 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).